**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIRIAM D. WATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 3909 |
| v. | ) |
| | ) |
| MARY SIGLER, Warden, Dwight | ) HONORABLE DAVID H. COAR |
| Correctional Center, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Miriam Watt seeks to mount a collateral attack pursuant to 28 U.S.C. § 2254 against her conviction for murder. This Court cannot reach the merits of her petition, however, because it was filed after the time period permitted by federal law. *See* 28 U.S.C. § 2254(d). Defendant's motion to dismiss is GRANTED.

**Background History**

After a trial in the Circuit Court of Cook County, Watt was convicted of murdering her two-year old granddaughter and sentenced to natural life in prison. Her sentence does not permit parole. Watt appealed her conviction and sentence to the Illinois Appellate Court, which affirmed the trial court's decision. *See People v. Watt*, 1-89-0135, slip op. (Ill. App. Ct. Jan. 11, 1993). The Illinois Supreme Court denied Watt's timely Petition for Leave to Appeal on October 6, 1993. *See People v. Watt*, No. 75568, 622 N.E.2d 1225 (Ill. 1993) (tbl). On March 30, 2001, Watt filed a pro se post-conviction petition with the Circuit Court of Cook County. Her attorney

supplemented her petition on June 27, 2003. The court denied the petition that same day. *See People v. Watt*, 1-03-2412, slip op. (Ill. App. Ct. Aug. 10, 2004). Watt appealed the denial of her post-conviction petition. The Illinois Appellate Court denied her appeal on August 10, 2004. *Id*. Watt then filed a Petition for Leave to Appeal in the Illinois Supreme Court on August 13, 2004. The supreme court denied her PLA on November 24, 2004. *People v. Watt*, No. 99101, 824 N.E.2d 290 (Ill. 2004) (tbl). Petitioner sought a writ of certiorari from the United States Supreme Court on January 4, 2005, which was denied on April 18, 2005. Watt filed this habeas petition on July 5, 2005, alleging that she was sentenced in violation of applicable law, and sentenced on a charge that was not proved beyond a reasonable doubt against her.

**Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition from a state court conviction must be filed within one year of the final conviction date. The relevant section of the federal law governing the time during which a petitioner may to file under 28 U.S.C. § 2244 specifically states, "[t]he limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After reviewing the pleadings in this matter and the record provided by the parties, this Court finds that Watt's habeas petition was filed outside the permissible limitations period. Under the AEPDA, Watt's state court conviction became final on January 4, 1994, when the

judgment against her "became final by the conclusion or direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Illinois Supreme Court denied her Petition for Leave to Appeal on October 6, 1993, but she had an additional 90 days during which she could, but did not, file a petition for writ of *certiorari* in the United States Supreme Court.

In addition, Watt's sentence became final before the April 24, 1996 enactment of the AEDPA. *See* 28 U.S.C. § 2244(d)(1)(A); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). The Seventh Circuit has held that petitioners whose convictions became final prior to the AEDPA's enactment received a one-year grace period after April 24, 1996 in which to file habeas petitions relating to their state court convictions. *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320 (1997). That period would have expired on April 24, 1997 unless it was properly tolled. *Id.*; *Johnson v. McCaughtry*, 265 F.3d 559, 562 (7th Cir. 2001). Between January 4, 1994 and April 24, 1997, Watt filed no direct or collateral attacks on her conviction and sentence. The record indicates that her case was inactive. Thus, the statute of limitations was not tolled between the enactment of AEDPA and the April 24, 1997 grace period end date. The statute of limitations, in fact, had expired before she ever filed her state post-conviction petition. By the time she filed the state post-conviction petition, there was nothing left to toll. *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) (an untimely state post-conviction petition does not toll the statute of limitations for a habeas petition). Her petition is therefore time-barred under AEDPA.

Despite this, Watt contends that her petition is not time-barred or, by implication, that the statute of limitations is not binding. Specifically, she argues that the sentence imposed by the

judgment against her "became final by the conclusion or direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Illinois Supreme Court denied her Petition for Leave to Appeal on October 6, 1993, but she had an additional 90 days during which she could, but did not, file a petition for writ of *certiorari* in the United States Supreme Court.

In addition, Watt's sentence became final before the April 24, 1996 enactment of the AEDPA. *See* 28 U.S.C. § 2244(d)(1)(A); *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2000). The Seventh Circuit has held that petitioners whose convictions became final prior to the AEDPA's enactment received a one-year grace period after April 24, 1996 in which to file habeas petitions relating to their state court convictions. *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320 (1997). That period would have expired on April 24, 1997 unless it was properly tolled. *Id.*; *Johnson v. McCaughtry*, 265 F.3d 559, 562 (7th Cir. 2001). Between January 4, 1994 and April 24, 1997, Watt filed no direct or collateral attacks on her conviction and sentence. The record indicates that her case was inactive. Thus, the statute of limitations was not tolled between the enactment of AEDPA and the April 24, 1997 grace period end date. The statute of limitations, in fact, had expired before she ever filed her state post-conviction petition. By the time she filed the state post-conviction petition, there was nothing left to toll. *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) (an untimely state post-conviction petition does not toll the statute of limitations for a habeas petition). Her petition is therefore time-barred under AEDPA.

Despite this, Watt contends that her petition is not time-barred or, by implication, that the statute of limitations is not binding. Specifically, she argues that the sentence imposed by the

Illinois state court was void and that such an argument may be raised at any time. The case law she relies on, however, does not support her argument. In *People v. Flowers*, 802 N.E.2d 1174 (Ill. 2003), the Illinois Supreme Court stated that a "well-established principle of law holds that a void order may be attacked at any time or in any court, either directly or collaterally." *Id*. at 1184 (citing *Sarkissian v. Chicago Bd. Of Educ.*, 776 N.E.2d 195, 201 (Ill. 2002)). But the *Flowers* court notes that there are limitations on such attacks.

> Although a void order may be attacked at any time, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason is obvious. Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect.

*Id*. at 1184. The same limitation applies in federal court. 28 U.S.C. § 2244. Because Watt's petition was not filed within the one-year grace period after the enactment of the AEDPA, this Court, by law, lacks jurisdiction over Watt's petition.

**Conclusion**

For the foregoing reasons, the defendant's motion to dismiss is GRANTED. This case is hereby terminated.

                                          Enter:

                                          /s/ David H. Coar
                                          _____
                                          David H. Coar
                                          United States District Judge

Dated: **July 18, 2006**